OPINION
This delayed appeal is taken from a final judgment of the Geauga County Court of Common Pleas. Appellant, Jay Webb, appeals from the judgment of conviction entered upon a no contest plea to one count of having a weapon while under disability and one count of resisting arrest. For the reasons that follow, we affirm the judgment of the trial court.
On August 13, 1999, appellant was indicted by the Geauga County Grand Jury on one count of having a weapon while under disability, in violation of R.C. 2923.13(B), and one count of resisting arrest, in violation of R.C. 2921.33(A). At his arraignment, appellant entered a plea of not guilty to both charges
Appellant, through counsel, subsequently filed a motion to suppress in which he argued that his wife's consent to search their camper was invalid. The trial court conducted a suppression hearing, and in a judgment entry dated November 30, 1999, denied appellant's motion.
On December 27, 1999, the state moved the trial court to amend the first count in the indictment from a violation of R.C. 2923.13(B), to a violation of R.C. 2923.13(A)(2). The motion was granted, and appellant subsequently withdrew his former not guilty pleas and entered an oral and written plea of no contest to both charges in the amended indictment. The trial court accepted appellant's pleas and referred him to the probation department for the preparation of a pre-sentence investigation report. After receiving the report, the trial court then sentenced appellant to eleven months on the first charge and ninety days on the second. No appeal was taken from this judgment.
Appellant, however, filed with this court a motion for a delayed appeal, which we granted. Now, appellant raises the following assignment of error for our consideration:
 "The trial court erred to the prejudice of the appellant in denying appellant's motion to suppress."
 Under his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress because, given the totality of the circumstances, his wife did not give valid consent to search the camper the two were staying in the night of his arrest. Specifically, he maintains that her consent was not voluntary and was given under duress.
At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. See, also,State v. Gray (July 14, 2000), Geauga App. No. 99-G-2249, unreported, at 4, 2000 Ohio App. LEXIS 3197; State v. Hrubik (June 30, 2000), Ashtabula App. No. 99-A-0024, unreported, at 4, 2000 Ohio App. LEXIS 2999; State v.Robinson (June 30, 2000), Portage App. No. 99-P-0019, unreported, at 4, 2000 Ohio App. LEXIS 2994.
On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence.State v. Retherford (1994), 93 Ohio App.3d 586, 592; Gray at 4-5;Hrubik at 5; Robinson at 4. After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met.Retherford at 592; Gray at 5; Hrubik at 5; Robinson at 4-5.
"The Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects." Illinois v. Rodriguez (1990), 497 U.S. 177, 181. Accordingly, warrantless searches and seizures inside an individual's home presumptively violate the Fourth Amendment, subject to a few well-established exceptions. State v. Sneed (1992), 63 Ohio St.3d 3,6-7; State v. Townsend (Aug. 27, 1999), Lake App. No. 98-L-036, unreported, at 7, 1999 Ohio App. LEXIS 3986.
One such recognized exception involves situations where voluntary consent has been obtained from a third party who possesses common authority over the premises. State v. Miller (1997), 117 Ohio App.3d 750,759; State v. Rudge (Dec. 20, 1996), Portage App. No. 95-P-0055, unreported, at 14, 1996 Ohio App. LEXIS 5807. The issue of whether or not the consent to search was made voluntarily is a question of fact to be determined by considering the totality of the circumstances.Townsend at 9. When making this determination, "the state must show by `clear and positive' evidence that the consent was `freely and voluntarily' given." State v. Posey (1988), 40 Ohio St.3d 420, 427, quoting Bumper v. North Carolina (1968), 391 U.S. 543, 548.
At the suppression hearing conducted by the trial court on November 24, 1999, the state presented the testimony of three police officers with the Geauga County Sheriff's Department. They essentially related that on July 8, 1999, the department received information from a confidential informant that appellant, who had an outstanding warrant from Lake County, was staying with his wife and child in a camper at the Tri-County Campground. According to the informant, appellant had in his possession at the camper several assault weapons, in addition to a large amount of ammunition.
After confirming the warrant, the officers made the decision to masquerade as firefighters when making the arrest. During the early morning hours, two disguised police officers approached the camper and knocked on the door. Appellant's wife, Katherine Webb ("Webb"), answered. The officers told Webb that a truck hauling hazardous material had overturned on a nearby road, and that the campground needed to be evacuated. Webb retrieved her child from inside and exited the camper.
Once outside, one of the officers dressed as a firefighter revealed his true identity and asked Webb if appellant was in the camper. When she replied "no," the officer informed Webb that appellant had a warrant for his arrest. Webb then told the officer that appellant was inside under the bed. Several officers entered the camper and arrested appellant after a brief struggle.
When appellant was placed under arrest, another officer approached Webb, who at that time was sitting on a nearby picnic table, and asked for permission to search the camper for the weapons. According to the officer's testimony, Webb verbally consented to the search, although he could not remember the exact words used. A short time later, a third officer went over to the picnic table and asked Webb to sign a written consent form. The officer testified that after explaining that she could refuse to sign the form if she wished, Webb voluntarily signed.
Webb was the only person to testify on appellant's behalf at the suppression hearing. She testified that, while she did give her consent to search the camper, she believed that she did not actually have a choice in the matter because the officers had already entered the camper and had began looking around. As a matter of fact, Webb alleged that nearly an hour and a half passed before she was asked for permission to search the camper. Even then, Webb claimed that no one explained the consent form to her before signing; and although she admitted that she did not read the form, she thought it was only to notify her that the officers were going to take the weapons found inside.
The trial court heard all of the evidence and denied appellant's motion. In doing so, the trial court found that the officers who testified were more credible than appellant's wife. As a result, the court concluded that the state had proven, by clear and convincing evidence, that Webb had "knowingly and voluntarily consented to the search of the camper trailer."
After reviewing the record before us, we conclude that the trial court's decision is supported by competent, credible evidence. Obviously, the determination of whether Webb voluntarily consented to the search in this case turns on the credibility of the witnesses who testified at the suppression hearing. The trial court, as the trier of fact, weighed the testimony of each witness and determined that the state's witnesses were more credible than Webb concerning whether she had voluntarily consented to the search. An appellate court will not reverse a trial court's decision regarding whether or not consent was voluntarily given unless the determination is clearly erroneous. Mentor v. Bitsko
(June 5, 1998), Lake App. Nos. 97-L-098 and 97-L-106, unreported, at 19-20, 1998 Ohio App. LEXIS 2536.
Because we determine that the totality of the circumstances supports the voluntariness of Webb's consent, appellant's sole assignment of error is not well-taken. The judgment of the trial court is, therefore, affirmed.
 ____________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., NADER, J., concur.